Chancellor James
delivered the following decree of the court:
It is stated in the complainants bill, that Philip Gads» ^en executed three separate mortgages to James Fisher, the amounts of which are specified in said bill. That subsequent thereto, Philip Gadsden duly executed a mortgage to complainant, in which was included certain property which had been previously mortgaged to J. Fisher. That a certain John M, Ehrick obtained a judgment against P. Gadsden, which is suggested in complainants bill to have been assigned to Alexander Edwards - as agent for J. Fisher, for the purpose of having the property levied on by virtue of an execution, founded on the aforesaid judgment, and selling the same atan inconsiderable price, by means whereof, Miss Edwards might be benefited. It is contended for complainant, that the property mortgaged exclusively to J. Fisher, should be sold in the first instance before any recourse should be bad against that which had been doubly mortgaged to J. Fisher and John Duncan; and in no event to sell the property included in the mortgage to complainant, until the proceeds of the sales of the property mortgaged to J. Fisher were exhausted. The defendants deny unequivocally that Alexander Edwards acted as an agent for J. Fisher, but that the purchase of the judgment aforesaid was a *375 meritorious act, and that a bona fide consideration was given therefor. The said Alexander Edwards contends that being a judgment creditor, it would be hard to deprive him of the benefit of his judgment, by permitting the mortgages before mentioned to lie in a state of dormancy, which would have a tendency to keep his debt continually locked up, and would unquestionably operate a fraud. That the property mortgaged to Fisher will be entirely incompetent to the payment of his debt, exclusive of the lot included in the complainants mortgage, and of course the whole mortgaged property must be sold. The court can see no propriety in a selection of the property tobe sold; nor why one person should be taken into its peculiar protection, in preference to another.* That the judgment creditor is entitled to enforce a foreclosure of the mortgage, we have no doubt.
It is therefore ordered and decreed, that James Fisher and John Duncan, do proceed with all possible expedition to foreclose their respective mortgages, and that the injunction be continued until the further order of this court;

 It is not to be inferred from this expression of the court, that it meant to lay itdown that there are no cases in which thecourt would interfere between different mortgagees of the same property. There is a large branch of equity doctrine on the subject of double mortgagees, which would doubtless be applied by the court to proper causes brought before it,